ASA J. STYLES and Theodore Koffel, Partners, as Styles & Koffel, v. George H. Dickey and N. G. Meyer, as Sheriff of Pierce County, North Dakota.

(146 N. W. 546.)

An appeal from taxation of costs, in which $1 per printed page for abstracts and briefs was taxed as the disbursements of the prevailing party paid therefor.

**Appeal — taxation of costs — abstract — brief — disbursements — amount actually paid.**

1. The allowance is reduced to 50 cents per page as the amount actually paid for printing.

**Court rules — printing of briefs and abstracts — size of page — exclusive of marginal or page numbering.**

2. The court rules covering printing require that the printed page shall be 7 inches long by 3½ inches wide of printed matter, exclusive of marginal or page numbering.

**Briefs and abstracts — former appeal — deficiency in size — no objection — costs taxed and allowed — exceptions to printed matter must be urged on appeal — waived otherwise — allowance — amount actually paid.**

3. Where printed briefs and abstracts were used on the former appeal, and the same were not there excepted to as not having the proper amount per printed page required by the rules, the printed page being undersized; and the court having adjudged on such appeal that the prevailing party printing such briefs should recover costs to be taxed as provided by law,—the trial court properly refused to make allowance for any deficiency in size of the printed page. Where an objection may be made on such grounds on the appeal in which the printed abstracts and briefs are used, any exceptions to any such deficiency in the briefs and abstracts must be urged on that appeal, otherwise the same will be deemed waived and the amount actually paid for the printing should be taxed, regardless of a deficiency in size of the printed pages of briefs and abstracts.

Opinion filed March 14, 1914.

From judgment on an order of the District Court of Pierce County, *Burr*, J., reviewing taxation of costs, plaintiffs appeal.

Modified as to one item and judgment ordered reduced accordingly, and to avoid retaxation the cost of this appeal are taxed and judgment directed.

*Styles & Kaffel,* for appellant.

Costs are the creature of the statute, and hence are not allowable in the absence of an express statute permitting such allowance. Engholm v. Ekrem, 18 N. D. 196, 119 N. W. 35; Whitney v. Akin, 19 N. D. 638, 125 N. W. 470; Rev. Codes 1905, § 6754; Black v. Minneapolis & N. Elevator Co. 8 N. D. 97, 76 N. W. 984; Supreme Court Rule 18, 10 N. D. lii, 91 N. W. xi; 11 Cyc. 743.

Supreme court rule number 35 is not controlling here. State v. McKnight, 7 N. D. 446, 75 N. W. 790; Oliver v. Wilson, 8 N. D. 593, 73 Am. St. Rep. 784, 80 N. W. 757.

A construction which completely nullifies a plain statutory provision cannot be adopted when the law is susceptible of another construction which is in harmony with the apparent object sought. State ex rel. Kettle River Quarries Co. v. Duis, 17 N. D. 319, 116 N. W. 751.

The basis of waiver is estopped—and where there is no estoppel there is no waiver. Hastings v. Foxworthy, 60 L.R.A. 233, note; 2 Am. & Eng. Enc. Law, 2d ed. 1091, 1092, 1105; Clark v. Else, 21 S. D. 217, 111 N. W. 543; McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20.

*A. E. Coger* and *T. A. Toner,* for respondent Dickey.

In the former appeal the matter of costs and disbursements was settled and fixed, and, in this case, it is *res judicata,* and further, plaintiffs are estopped to raise the question, in this case. Schmidt v. Beiseker, 19 N. D. 35, 120 N. W. 1096; Scottish-American Mortg. Co. v. Reeve, 7 N. D. 552, 75 N. W. 910; Bem v. Shoemaker, 10 S. D. 453, 74 N. W. 239; Case v. Hoffman, 100 Wis. 314, 44 L.R.A. 728, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945; Schmidt v. Wayne Circuit Judge, 136 Mich. 658, 99 N. W. 877; Collins v. Janesville, 111 Wis. 348, 87 N. W. 241, 1087, 10 Am. Neg. Rep. 520; Bacon v. Tax Comrs. 126 Mich. 22, 86 Am. St. Rep. 524, 85 N. W. 307, 34 L.R.A. 323, note; American Bkg. Co. v. Lynch, 13 S. D. 34, 82 N. W. 77.

The application must be made to the court rendering the judgment, for a direction as to costs and disbursements. Wisner v. Field, 15 N. D. 43, 106 N. W. 38; McVay v. Tousley, 20 S. D. 487, 107 N. W. 828; Schmidt v. Wayne Circuit Judge, 136 Mich. 658, 99 N. W. 877.

If no such application is made, the clerk must tax the costs, and he has no discretion in the matter. 11 Cyc. 224; Collins v. Janesville, 111 Wis. 348, 87 N. W. 241, 1087, 10 Am. Neg. Rep. 520; Haseltine v. Mosher, 51 Wis. 443, 8 N. W. 273; Fairbank v. Newton, 48 Wis. 384, 4 N. W. 327; Clark v. Else, 21 S. D. 217, 111 N. W. 543; Clark v. Lawrence County, 24 S. D. 435, 123 N. W. 868; McVay v. Tousley, 20 S. D. 487, 107 N. W. 828; Kirby v. Western U. Teleg. Co. 8 S. D. 54, 65 N. W. 482; Swenson v. Christoferson, 10 S. D. 342, 73 N. W. 96; Dalbkermeyer v. Scholtes, 3 S. D. 183, 52 N. W. 871; Crane v. Odegard, 12 N. D. 136, 96 N. W. 326; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345.

After a bill of costs and disbursements has been prepared and filed, the burden of showing that any item was excessive or incorrect is upon the appellant. Hilde v. Nelson, 19 N. D. 634, 125 N. W. 474; 11 Cyc. 164, 165.

Such questions should be raised before the clerk of court. Not having been so raised, appellant cannot afterwards, and for the first time, raise such question before the district judge on appeal. Patterson v. Calhoun Circuit Judge, 144 Mich. 416, 108 N. W. 351; Sill v. Sill, 39 Kan. 189, 17 Pac. 665; Turner v. Scheiber, 89 Wis. 1, 61 N. W. 280; Sherman v. Joslin, 52 Mich. 474, 18 N. W. 224; State ex rel. Hurley v. Second Judicial Dist. Ct. 27 Mont. 40, 69 Pac. 244; State v. Wertzel, 84 Wis. 344, 54 N. W. 579; Schmidt v. Wayne Circuit Judge, 136 Mich. 658, 99 N. W. 877; Hunter v. Union L. Ins. Co. 58 Neb. 198, 78 N. W. 516; Baldwin v. St. Louis, K. & N. W. R. Co. 75 Iowa, 297, 9 Am. St. Rep. 479, 39 N. W. 507.

The rules of the supreme court are for the convenience of court and counsel and litigants, and the court may suspend its rules, or except a special case from their operation. People v. Demasters, 105 Cal. 669, 39 Pac. 35; Symons v. Bunnell, 3 Cal. Unrep. 69, 20 Pac. 859.

The statement of the case contains no specifications of error. Therefore, unless error appears on the judgment roll the appeal should be dismissed. McLaughlin v. Thompson, 19 N. D. 34, 120 N. W. 554.

Goss, J. This is an appeal from a taxation of costs. Judgment was directed by this court in the decision on the merits in 22 N. D. 515, 134 N. W. 702. The defendants prevailed on that appeal. Their abstract and brief contained 299 printed pages, for which, in the entry of final judgment, the lower court allowed defendants as disbursements $1 per page. This appeal concerns principally this single item. Appellants contend the cost of said printing was but 50 cents a page, and that the costs taxed on final judgment should be reduced $149.50. The question arises upon the affidavits considered by the court in reviewing costs taxed. The affidavit of costs and disbursements is in the usual blanket form covering many items, and recites "that the above items of costs and disbursements therein in the district and supreme court are just and correct, and have been or will necessarily be incurred in said action, in behalf of the defendant, or are allowed by law." Plaintiffs' counter affidavit recites that "affiant had a conversation with one of the attorneys for the defendant herein, relative to the printing of said abstract, and said [attorney named] expressly told the affiant that the cost of printing said abstract was only 50 cents

a page," and stating where the printing was done. "That affiant is positive said [attorney] stated and admitted that the same cost only 50 cents a page." This conversation is not squarely denied or explained, the attorney in question stating that "affiant has no recollection of having discussed the matter of the cost of printing the abstract with S. at any time, and believes that had any conversation been had with S. that affiant would recall it. Further, the local printers always quoted to affiant the rate of $1 a page for printing abstracts and briefs." It is noticeable that the amount actually paid for such printing is not disclosed. Plaintiff's sworn statement that the actual disbursements for said printing were 50 cents a page is not rebutted or explained, and stands as an admission. Opportunity of informing the court of the amount of actual expenditure for that purpose was not availed of. We assume the costs of the printing to have been 50 cents a page, and no more, and allow the reduction of $149.50 asked for.

Appellants also contend that said abstracts and briefs were not of the size required by the court rules, in that three pages of index and the printed cover of each brief and abstract was included and charged for, making a difference of $5. This exception is overruled as not well taken.

Appellants except to a printing charge for the full number of printed pages, claiming that none of the printed pages, with two possible exceptions out of the 299 pages, are of the full-page length as required by the rules, but instead are half an inch short in every instance. This arises because the printer has included in the length of the page the page number at the middle of the top of each page, approximately half an inch above the printed matter. Such measurement thereby reduces the solid printed matter of the page two lines per page, or to one half an inch less than required by the rules. Appellant asks that the printing bill be either reduced proportionately, which would reduce the number of printed pages by one fourteenth, or that right to tax any costs for said printing be denied. The rules of this court were formulated to require that "the printed page shall be 7 inches long by 3½ inches wide" of solid printed matter. Rule 18, Supreme Court Rules adopted October 9, 1901, in 10 N. D. lii, 91 N. W. xi, and the recent rules of this court in effect September 1st last, in 23 N. D. xxxv, 141 N. W. vii. (See also rule 37 of the Rules of this court effective April 1, 1914,

145 N. W. xiii.) In measuring the size of the printed page, the page number, as well as the marginal numbering of folios, shall be excluded. The printed page of legal size shall measure 7 inches long by 3½ inches wide of printed matter, exclusive of any numbering. The charge permissible under the old rules of 1901, under which this printing was done, was the amount of disbursements therefor, not exceeding $1 per page. To avoid confusion in the future, mention is made that under rule 37 of rules effective April 1, 1914, there may be taxed for such a page of printed matter the sum actually paid for such printing, not to exceed 75 cents, including a charge at that rate for the printed cover and index pages. When that appeal was taken the defendants were entitled to charge for the printing of both abstract and briefs. As both were used the necessary and actual disbursements for such printing were properly taxable. We refuse to reduce the printing bill because of any reductions for numbering (though reduction would ordinarily be made) although the printed page is one half an inch short of requirements, for the reason that these appellants had the opportunity on the former trial to except to the briefs and abstract, and direct the attention of the court to such deficiency, and ask that the court make such reduction in its order for judgment. Not having then raised the matter it is now waived. In taxing costs for printing the trial court rightfully assumed that the abstract and briefs as printed were satisfactory, or that this court would have indicated otherwise in its decision disposing of the case and directing the recovery of taxable costs.

Appellants have endeavored to raise one or more matters concluded against them on the former appeal, and which on this appeal we consider determined. The lower court was right in taxing costs in favor of the defendant Dickey only. To set at rest the necessity of taxing costs on this appeal, we hereby tax the costs recoverable by these plaintiffs and appellants, S. & K., of defendant Dickey at 28 pages for printing of their abstract and 14 pages for the printing of their brief, for which we allow 70 cents per printed page, or $31.50 for printing, together with $8, the usual fee of the clerk of this court, making a total charge of $41.50, the costs taxed on this appeal in favor of these appellants. No costs are allowed for argument in this court. The trial court will credit on the judgment of $497.35 for costs, as of the date of entry, July 1, 1912, the sum of $149.50, leaving the judgment

for costs as of that date at $347.85, upon which will be credited, as of the date of the filing therein of the remittitur, the sum of $41.50, leaving the judgment, after taxing the costs of this appeal, $306.35, together with accuring interest on $347.85 from the date of entry of the judgment.

The lower court is directed to enter judgment accordingly.

FISK, J., did not participate.